**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1164-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT A. HARRELL,
a/k/a ROBERT A. HALL,
ROBERT A. HARRELLJONES,
ROBERT A. JONES, and
ROBERT HARRELL,

    Defendant-Appellant.

_____

Submitted December 4, 2023 – Decided February 14, 2025.
Remanded by the Supreme Court March 24, 2026.
Resubmitted April 17, 2026 – Decided May 5, 2026

Before Judges DeAlmeida, Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 20-01-0155.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Laura B. Lasota, Deputy Public Defender II, of counsel and on the brief).

Jennifer Davenport, Attorney General, attorney for respondent (David M. Galemba, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

This matter returns to us by order of the Supreme Court directing us to reconsider a portion of our opinion, State v. Robert A. Harrell, Docket No. A-1164-21 (App. Div. Feb. 14, 2025), in light of its recent decision in State v. Carlton, 262 N.J. 629 (2026). In our prior opinion, we vacated defendant's extended-term sentence as a persistent offender, N.J.S.A. 2C:44-3(a), for his conviction of the first-degree attempted murder of his father, N.J.S.A. 2C:5-1(a) and N.J.S.A. 2C:11-3(a)(1), because his eligibility for the extended term was determined by the sentencing court rather than a jury. We concluded this error could not be considered harmless.[1]

In Erlinger v. United States, 602 U.S. 821, 835 (2024), the United States Supreme Court held a defendant is entitled under the Fifth and Sixth

---

[1] N.J.S.A. 2C:44-3(a) provides that a court may sentence a defendant who commits a first-, second-, or third-degree crime when he is twenty-one or older to an extended term of imprisonment as a persistent offender if the defendant "has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced."

Amendments to have a jury unanimously determine, beyond a reasonable doubt, whether the defendant's past offenses were "committed on occasions different from one another" under the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Erlinger majority, applying principles first announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), reiterated "there is no doubt what the Constitution requires in these circumstances: Virtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Erlinger, 602 U.S. at 834 (alteration in original) (quoting Apprendi, 530 U.S. at 490).

It is not disputed that Erlinger abrogated New Jersey's persistent offender statute to the extent N.J.S.A. 2C:44-3(a), as presently drafted, provides certain predicate facts are to be found by a court rather than a jury. The critical issue presented to our Supreme Court in Carlton was whether a violation of the Erlinger rule could be harmless constitutional error. The Court concluded that "errors in failing to submit sentencing factors or elements to a jury, as in Apprendi and its progeny, are presumptively subject to harmless error analysis, not automatic reversal." Carlton, 262 N.J. at 643. The Court further held that before a constitutional error can be considered harmless, the reviewing court

must be convinced beyond a reasonable doubt the error did not affect the sentencing outcome. Id. at 642. Stated another way, the record must provide meaningful appellate review and demonstrate that only one outcome would have been possible had the defendant's eligibility for an extended-term sentence been presented to a jury. Id. at 645.

The Court thus held the harmless constitutional error doctrine applies to Erlinger violations provided "the relevant facts are undisputed, the sentencing court's reasoning fully articulated, and the record demonstrates, beyond any reasonable doubt, the sole conclusion a jury could have reached had Erlinger been in place at the time of sentencing." Id. at 644. Applying that test, the Court found the constitutional error in Carlton was harmless beyond a reasonable doubt. Id. at 645.

Here, at sentencing, the State produced evidence defendant was convicted of six crimes committed on six separate dates, each when he was eighteen or older:

(1) On January 18, 2008, defendant was sentenced to a five-year term of probation for convictions of third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1), in Atlantic City on November 27, 2005, third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1), in Atlantic City on October 22, 2006, and

third-degree distribution of cocaine, N.J.S.A. 2C:35-5(a)(1), in Hamilton Township on August 14, 2007. On January 11, 2013, defendant was resentenced on all three convictions to a three-year term of incarceration based on his violation of the conditions of probation;

(2) On January 25, 2012, defendant was sentenced by a Pennsylvania court to a term of incarceration of eleven-and-a-half months to twenty-three months for possession of cocaine with intent to distribute in York, Pennsylvania between January 25, 2011, and March 9, 2011, and a concurrent term of incarceration of eleven-and-a-half months to twenty-three months for possession of heroin with intent to distribute in York on an unspecified date in May 2011; and

(3) On October 15, 2013, defendant was sentenced by a Pennsylvania court to a term of incarceration of two-to-four years for possession with intent to distribute heroin in York on November 29, 2012. The court ordered this sentence to be served concurrently with the term of incarceration imposed for the parole violation described in paragraph (1). In addition, on that day, defendant returned to court for violations of parole on the two cases described in paragraph (2). The court dismissed one of those cases and resentenced defendant to a term of imprisonment of two-to-four years to be served

A-1164-21

concurrently with the other sentence imposed on October 15, 2023, and to the term of incarceration imposed for the parole violation described in paragraph (1).

Defendant did not dispute the validity or accuracy of the predicate facts presented by the State. In fact, at the sentencing hearing, defendant's counsel stated, "So, look, technically, is he a persistent offender? Does he meet the criteria? Yes, I think, based upon the statute, he does." Defendant's counsel urged the court not to impose an extended term because of defendant's history of untreated substance abuse.

Based on the uncontested documentary evidence, the sentencing court found:

> [t]he State has established to the satisfaction of this [c]ourt, that (1) [d]efendant has been convicted of the first-degree crime of attempted murder which was committed when he was over 21 years of age; (2) [d]efendant has been convicted and sentenced on three separate occasions to a total of six separate crimes, each occurring on a separate date and occurring when he was at least 18 years of age; and (3) [t]he predicate crime of attempted murder occurred on December 31st, 2018, which was in ten years of both his last conviction on October 13, 2013, and his last release from incarceration under both the October 15, 2013, Pennsylvania sentencing date and the New Jersey violation of probation sentencing date of January 11, 2013.

6

> Based on these findings, the [c]ourt is satisfied that the State has shown the defendant is a persistent offender under the relevant statute and is thus eligible for sentencing to a discretionary extended term of imprisonment.

In a supplemental brief filed after the Supreme Court's remand order, defendant acknowledged his counsel's concession he was eligible for imposition of an extended-term sentence under N.J.S.A. 2C:44-3(a). He argued, however, the sentencing court's eligibility finding was not harmless error because the court did not identify the dates of his prior crimes, and did not make findings of fact regarding whether his prior crimes were committed at different times. In addition, defendant argued the court erred when it relied on the date of his latest conviction and sentencing, instead of the date of his latest prior crime or latest date of release from confinement, to determine the ten-year period in N.J.S.A. 2C:44-3(a) was satisfied.

Applying the Carlton harmless-constitutional-error rule, we conclude the State established beyond any reasonable doubt defendant was eligible for an extended term, and the sole conclusion a jury could have reached was that defendant was eligible to be sentenced as a persistent offender as defined in N.J.S.A. 2C:44-3(a). We agree the sentencing court erred when it relied on defendant's latest conviction and sentencing date when it determined he was

7

eligible for an extended-term sentence. The operative date in the statute is the latter of defendant's latest prior crime or latest release from confinement. However, the evidence in the record indisputably establishes the court's eligibility finding was correct and was the only possible outcome a jury considering that evidence could have reached.

There is no dispute defendant was over twenty-one at the time of the attempted murder. In addition, the record contains uncontroverted evidence defendant was convicted of six crimes in two states on varying days in five different years while he was eighteen or older. After examining this evidence, the sole conclusion a jury could have reached was that defendant had "been previously convicted on at least two separate occasions of two crimes committed at different times . . . ."

In addition, it is uncontroverted defendant's latest crime prior to the attempted murder occurred on November 19, 2012. That date was within ten years of the December 31, 2018 attempted murder for which he was being sentenced. Although the record does not establish the latest date on which defendant was released from confinement prior to the attempted murder, identifying that date was not necessary to determine defendant's eligibility for an extended-term sentence. If defendant was last released from confinement

A-1164-21

prior to November 19, 2012 (which is unlikely given he received a custodial sentence on October 15, 2013), the November 19, 2012 date of his latest prior crime, which was within the ten years of the attempted murder, would control. If defendant was last released from confinement after November 19, 2012, the date of release would necessarily be within ten years of December 31, 2018, and would satisfy the ten-year statutory period. In either case, the sole conclusion a jury could have reached was that defendant was eligible for an extended-term sentence under N.J.S.A. 2C:44-3(a). Accordingly, as in Carlton, the Erlinger violation in this case was harmless constitutional error.

Defendant raised two sentencing arguments we did not reach after we vacated his sentence for attempted murder. He argued the sentencing court: (1) double counted his prior offenses by both finding him eligible for an extended term and applying aggravating factors three and six; and (2) erred in applying aggravating factors one and two.

The court found aggravating factors:

(1) one, N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in an especially heinous, cruel, or depraved manner

. . . .").  With respect to the basis for this factor, the court stated it "need only note the heinousness of attempted patricide.";

(2) two, N.J.S.A. 2C:44-1(a)(2) ("[t]he gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance . . . .").  The court found defendant's father "suffered a grave and catastrophic injury to his face and his jaw.";

(3) three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense . . . .").  The court found defendant's extensive criminal history "convinces the [c]ourt that he will commit another offense and left at his liberty . . . will offend again and he will offend violently.";

(4) six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted . . . ."); and

(5) nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law . . . .").  The court found this factor "especially weighty, given that this defendant has been treated with lenity in the past."  The

10

court continued, "[t]he defendant's previous convictions for illegal drugs crimes . . . resulted in probation and then a relatively brief period of incarceration following those three probationary sentences." The court noted, that "[g]iven the opportunity then to accept rehabilitation and conform his behavior to society's norms, this defendant did just the opposite. [He] needs to be specifically deterred and only a very lengthy commitment to state prison will meet this end."

The court found no mitigating factors and concluded the aggravating factors "substantially, clearly, and convincingly" outweighed the absence of mitigating factors. After merging the convictions of four other counts into the attempted murder conviction, the court sentenced defendant to an extended forty-year term of imprisonment, with a twenty-year period of parole ineligibility for attempted murder.[2]

The State subsequently moved to correct an illegal sentence based on the court's failure to impose a period of parole ineligibility required by the No Early

---

[2] In our February 14, 2025 opinion, we vacated ten of defendant's convictions, two with the State's consent, based on errors in the instructions given to the jury, and remanded for a new trial on those counts of the indictment. Five of those counts related to the attempted murder of defendant's father; five other counts related to a robbery and the stabbing of a second victim. The jury acquitted defendant on one additional count.

Release Act (NERA), N.J.S.A. 2C:43-7.2, on the attempted murder sentence. The court granted the motion, and resentenced defendant on the attempted murder conviction to a thirty-year term of imprisonment, with an eighty-five-percent period of parole ineligibility.

The scope of our review is narrow. Appellate courts review sentencing determinations under an abuse of discretion standard. State v. Bollvito, 217 N.J. 221, 228 (2014). We must affirm a sentence under review unless:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

Once a sentencing court has balanced the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b), it "may impose a term within the permissible range for the offense." State v. Morente-Dubon, 474 N.J. Super. 197, 208 (App. Div. 2022) (quoting State v. Bieniek, 200 N.J. 601, 608 (2010)); see also State v. Case, 220 N.J. 49, 65 (2014) (instructing that appellate courts may not substitute their judgment for that of the sentencing court, provided that

the "aggravating and mitigating factors are identified, supported by competent, credible evidence in the record, and properly balanced").

We are not persuaded by defendant's contention the sentencing court impermissibly double counted aggravating factors three and six. The persistent offender statute requires only two prior convictions to render defendant eligible for an extended-term sentence, whereas defendant had six prior convictions. In these circumstances, the sentencing court was free to consider the other four convictions for the purpose of finding aggravating factors without running afoul of the double-counting prohibition. See State v. Abdullah, 184 N.J. 497, 506 n.2 (2005) ("In a discretionary sentencing system in which the court decides the weight to give to a prior criminal conviction and how high on the scale to increase the sentence, the court naturally would consider the risk a defendant will re-offend and the need to deter."); see also State v. Dunbar, 108 N.J. 80, 92 (1987) (noting that a defendant's "overall response to prior attempts at rehabilitation" is a "relevant factor[] in adjusting the base extended term").

Defendant also argues the court erroneously applied aggravating factor one because it relied solely on the fact that defendant attempted to murder his father, without identifying any facts that made the attempted patricide especially heinous or cruel. When applying aggravating factor one, "the sentencing court

13

reviews the severity of the defendant's crime, the single most important factor in the sentencing process, assessing the degree to which defendant's conduct has threatened the safety of its direct victims and the public." Fuentes, 217 N.J. at 74 (quoting State v. Lawless, 214 N.J. 594, 609 (2013)). "In appropriate cases, a sentencing court may justify the application of aggravating factor one, without double-counting, by reference to the extraordinary brutality involved in an offense." Id. at 75; see e.g., State v. Mara, 253 N.J. Super. 204, 214 (App. Div. 1992) (affirming the sentencing court's application of aggravating factor one when, in an aggravated assault, "the serious injuries were far in excess of that required to satisfy" the crime's statutory elements). Here, defendant shot his father multiple times in the face and chest without warning, then walked away, leaving his father gravely injured and choking on his own blood. The heinous nature of defendant's acts is self-evident.

The court's application of aggravating factor two, the gravity of the harm inflicted on the victim, was based on the catastrophic injuries defendant inflicted on his father. The record establishes the victim suffered a fractured skull and shattered jaw, lost half of his tongue, and most of his teeth. To save his life, the victim was forced to crawl down a motel hallway to seek help while

14

hemorrhaging from the wounds inflicted by his son. Aggravating factor two is amply supported by the record.

The sentencing court did not abuse its discretion. The court properly sentenced defendant based on competent evidence in the record and the sentence does not shock the judicial conscience. <u>See</u> <u>Fuentes</u>, 217 N.J. at 70 (quoting <u>Roth</u>, 95 N.J. at 364-65).

The sentence on defendant's conviction of first-degree attempted murder is affirmed, and the matter is remanded for proceedings consistent with our February 14, 2025 opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1164-21